**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Addam Brown, | No. CV-21-01569-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Riverside Elementary School District No. 2, | |
| Defendant. | |

Defendant Riverside Elementary School District ("Defendant") has filed a Motion for Reconsideration of the Court's Order Denying its Motion for Summary Judgment ("the Court's prior Order") (Doc. 54). (Doc. 55). The Court allowed Plaintiff to file a Response and Defendant to file a Reply under Local Rule 7.2(g)(2), and they have done so. (Docs. 56–58). Plaintiff has also filed a Motion to Strike Defendant's Exhibit A[1] which is an exhibit attached to Defendant's Reply. (Doc. 59).

Plaintiff has also filed a Motion for Partial Summary Judgment (Doc. 46) regarding Defendant's mitigation of damages affirmative defense. Defendant has filed a Response to this Motion and Plaintiff has filed a Reply. (Docs. 51–52). For the following reasons, the Court denies Defendant's Motion for Reconsideration and grants Plaintiff's Motion for Partial Summary Judgment.

---

[1] Plaintiff asks the Court to strike this exhibit, arguing that it was not attached to any prior Motion or produced during discovery. (Doc. 59). Defendant has not responded to Plaintiff's Motion to Strike. Because the Court does not consider "Exhibit A" in its disposition of Defendant's Motion for reconsideration, the Court denies Plaintiff's Motion to Strike Defendant's Exhibit A (Doc. 59) as moot.

**I.      Background**[2]

Plaintiff brought claims against Defendant for employment discrimination and retaliation claims under the Americans with Disabilities Act ("ADA"). (Doc. 1 at ¶¶ 88–103). Plaintiff alleges that Defendant discriminated against him when it failed to accommodate his disability and prematurely terminated him. (*Id.* at ¶ 92). Plaintiff also alleges Defendant retaliated against him for requesting accommodations related to his disability. (*Id.* at ¶ 100). In its Answer, Defendant asserts an affirmative defense of failure to mitigate damages. (Doc. 9 at 10).

On October 26, 2022, Defendant moved for summary judgment, arguing Plaintiff was not an employee of Defendant's, therefore, he could not bring employment discrimination or retaliation claim under the ADA as a matter of law. (Doc. 34 at 1). On August 9, 2023, this Court found that Plaintiff was Defendant's employee for ADA purposes and denied Defendant's Motion for Summary Judgment. (Doc. 54 at 9). Defendant now argues that the Court committed clear error in its prior Order and asks the Court to reconsider its ruling. (Doc. 55).

**II.     Defendant's Motion for Reconsideration**

In its Motion for Reconsideration, Defendant argues that the Court's prior Order violated its due process rights because the Court found that Plaintiff was an employee as a matter of law without giving Defendant notice or a reasonable amount of time to respond under Rule 56(f) that it would consider this issue. (Doc. 55 at 2). Defendant also states that the summary judgment standard operates differently depending on whether the moving party bears the burden of proof at trial. (Doc. 58 at 2). Defendant avers that "Plaintiff did not even ask for judgment but merely contended there were questions of law and fact." (*Id.*) In its Response Motion, Plaintiff argued that "the factual record is replete with evidence that supports a finding that [Plaintiff] was treated like an employee starting from his initial interview and hiring by [Dr.] Neal up to his termination." (Doc. 41 at 12).

---

[2] The undisputed facts are fully set forth in the Courts prior Order (Doc. 54 at 2–3) and need not be repeated here.

Upon reconsideration, Plaintiff argues that Defendant was given sufficient due process and that the Court did not commit error in its prior Order. (Doc. 57 at 3, 7). Plaintiff also argues that Defendant's Motion for Reconsideration should be denied because this Motion simply reasserts the same arguments Defendant made in its Motion for Summary Judgment. (Doc. 57 at 2–3). The Court agrees as Defendant, in essence, asks the Court to rethink what it has already thought through.

### A.   Legal Standard

Motions for reconsideration should be granted only in rare circumstances. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Arizona Local Rule of Civil Procedure 7.2 ("LRCiv 7.2") provides that "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). The movant must specify "[a]ny new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier." *Id.* This is because "[m]otions for [r]econsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

A motion for reconsideration should not be used for the purpose of asking a court "to rethink what the court had already thought through—rightly or wrongly." *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

**B.     Discussion**

As an initial matter, the Court notes that Defendant does not argue that newly discovered evidence or an intervening change in controlling law entitle it to reconsideration. Defendant only argues that the Court committed clear error in its prior Order and relies on this factor solely. *See ACandS, Inc.*, 5 F.3d at 1263. Defendant argues that the Court erred in two distinct ways: (1) that the Court misapplied the summary judgment standard by finding for Plaintiff and (2) that the Court violated its due process rights under Rule 56(f) by finding for the non-moving Plaintiff. (Doc. 55 at 2–3). Neither argument shows clear error.

Plaintiff must have been Defendant's "employee" to bring retaliation and employment discrimination claims under the ADA. *See* 42 U.S.C. § 12111(5)(A). The determination of whether a plaintiff is an employee is "a fact-specific inquiry which depends on the economic realities of the situation." *Poland v. United States Att'y Gen.*, 2012 WL 13001837, at *5 (C.D. Cal. July 30, 2012) (internal citations omitted). Where the material facts are undisputed, a court may "decide the employee/independent contractor question as a matter of law if the factors point so favorably in one direction that a fact finder could not reasonably reach the opposite conclusion." *Id.* at *16 (internal citations omitted). "The determination of whether a plaintiff is an employee or an independent contractor is a question of law, while the existence and degree of the legal factors to be considered i[n] this determination are questions of fact." *Burt v. Broyhill Furniture Indus., Inc.*, 2006 WL 2711495, at *7 (D. Ariz. Sept. 18, 2006) (citing *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988)). As stated in its prior Order, courts utilize a six-factor test outlined in *Fichman v. Media Center* to determine whether a non-traditional worker is an employee or an independent contractor. 512 F.3d 1157, 1160 (9th Cir. 2008) (citing *Clackamas Gastroenterology Associates, P.C. v. Wells*, 538 U.S. 440, 449–50 (2003)).

Applying these factors to Defendant's Motion for Summary Judgment, the Court concluded that Plaintiff was an employee as a matter of law. (Doc. 54 at 6–9). The Court

found that four of the six factors weighed in favor of a common-law employee relationship between Defendant and Plaintiff, but that two did not. (*Id.* at 8). In weighing those two factors, the Court found that they were insufficient to overcome the other evidence and factors that weighed so favorably towards Plaintiff and cited *Waisgerber v. City of Los Angeles* for the proposition that a lack of remuneration is not dispositive, and that other evidence should be considered in determining whether an individual is an employee under the ADA. (*Id.* (citing 406 Fed. Appx. 150, 151–52 (9th Cir. 2010)).

Defendant first argues that the Court misapplied the summary judgment standard in its prior Order. (Doc. 55 at 1–2). Defendant's Motion for Summary Judgment, which is now characterized by Defendant as a "partial motion," sought judgment on Plaintiff's ADA claim because Defendant argued that Plaintiff was not an employee as a matter of law. (Doc. 34 at 5). Defendant now claims that it stated the facts "in the light most favorable to the Plaintiff" as required by "federal law." (Doc. 55 at 1). However, at the summary judgment stage, facts must be viewed by the Court in the light most favorable to the nonmoving party "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing Fed. R. Civ. P. 56(c)). The Court found in its prior Order that the six *Clackamas* factors and the undisputed facts presented by the parties showed as a matter of law that Plaintiff's intern position made him an employee of the District. (Doc. 54 at 8).

Indeed, where the material facts are undisputed, a court may "decide the employee/independent contractor question as a matter of law if the factors point so favorably in one direction that a fact finder could not reasonably reach the opposite conclusion." *Poland*, 2012 WL 13001837, at *16. It was Defendant who put this issue squarely before the Court for consideration in the first instance, therefore, it was well within the Court's power to find that Plaintiff was an employee under the ADA as a matter of law. *See Burt*, 2006 WL 2711495, at *7 (stating that "[t]he determination of whether [or not] a plaintiff is an employee or an independent contractor is a question of law."). The Court will not re-address its prior Order as Defendant has advanced insufficient arguments

for reconsideration; namely, a disagreement with the Court's decision. *See Leong*, 689 F. Supp. at 1573 (stating that "[a] mere disagreement with a previous order is an insufficient basis for reconsideration.").

Defendant also argues that the Court violated its due process rights under Rule 56(f) by finding that Plaintiff was an employee without providing Defendant notice or an opportunity to challenge the material facts. (Doc. 55 at 3). This argument is meritless.

The Ninth Circuit has "long recognized that, where the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment *sua sponte* for the nonmoving party." *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) (citing *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) ("Even when there has been no cross-motion for summary judgment, a district court may enter summary judgment *sua sponte* against a moving party if the losing party has had a 'full and fair opportunity to ventilate the issues involved in the matter.'"). As well, where "the record is sufficiently developed to permit the trial court to consider summary judgment" it is "appropriate for the district court to grant summary judgment *sua sponte* for the nonmovant on this issue." *Id*. (citing 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2720, at 351–52 (3d ed. 1998) ("[T]he practice of allowing summary judgment to be entered for the nonmoving party in the absence of a formal cross-motion is appropriate. It is in keeping with the objective of Rule 56 to expedite the disposition of cases.").

In denying Defendant's Motion for Summary Judgment, the Court, in essence, entered summary judgment *sua sponte* for the nonmoving party (Plaintiff) on that issue. (*See* Doc. 54 at 8). This grant in Plaintiff's favor was appropriate because Defendant had a full and fair opportunity to prove its argument but failed on the merits. *See Albino*, 747 F.3d at 1176. Plaintiff was not required to file a formal cross-motion for the Court to so find. *Id*. That is because it was Defendant who tasked the Court to decide, as a matter of law, that Plaintiff was not an employee under the ADA. (Doc. 34). The parties

"sufficiently developed" the record to permit the Court to consider summary judgment on this issue. *Albino*, 747 F.3d at 1176. Importantly, Defendant does not assert any new evidence in its Motion for Reconsideration that it did not have access to at the time it filed its Motion for Summary Judgment.[3] (*See* Doc. 55). Simply put, Defendant asked this Court to find in its favor, but the Court did not. Defendant now argues that it was not put on notice that the Court would do so. (Doc. 55 at 2–3). The Court notes that Defendant did not move for "partial" summary judgment, as it now asserts in its Motion for Reconsideration. (*Compare* Doc. 55 at 1 *with* Doc. 34 at 1). Notably, had the Court found in Defendant's favor, the Court would have also been required to dismiss this case. *See* 42 U.S.C. § 12111(5)(A) (stating that ADA discrimination and retaliation claims only apply to employees and not volunteers). Defendant had a full and fair opportunity to prove its argument, so the Court did not err by finding that Plaintiff was an employee as a matter of law. *See Albino*, 747 F.3d at 1176.[4]

### IV. Plaintiff's Motion for Partial Summary Judgment

Plaintiff also moves for partial summary judgment regarding Defendant's mitigation of damages affirmative defense. (Doc. 46 at 1). Plaintiff argues that Defendant has failed to provide any evidence of substantially similar available jobs for any time period following Plaintiff's termination to support its affirmative defense, therefore, Defendant's claim fails as a matter of law. (Doc. 46 at 5). Defendant disagrees. (Doc. 51).

#### A. Legal Standard

The court will grant summary judgment if the movant shows there is no genuine dispute of material fact, and the movant is entitled to judgment as a matter of law. Fed. R.

---

[3] The Court also remains concerned with instances where sentences or phrases relied upon by Defendant are not supported by the cited material, are incorrect, or incomplete as Plaintiff pointed out in his Response to Defendant's Motion for Summary Judgment. (Doc. 41 at 14). For instance, Defendant stated in its Motion for Summary Judgment that "Plaintiff testified he understood [he] was not an employee of the District just a volunteer." (Doc. 34 at 3). However, Plaintiff actually testified that he was not an employee "*according to your client*." (Doc. 41-2 at 29) (emphasis added).

[4] The Court does not address Plaintiff's other arguments it raises in its Motion for Reconsideration as these arguments ask the Court to rethink what the Court has already thought through—something that the Court cannot do. *Defenders of Wildlife*, 909 F. Supp. at 1351.

Civ. P. 56(a); *Celotex*, 477 U.S. at 322–23. A fact is "material" if it might affect the outcome of a suit, as determined by the governing substantive law. *Anderson*, 477 U.S. at 248. A factual dispute is "genuine" when a reasonable jury could return a verdict for the nonmoving party. *Id*. Because Defendant is the nonmoving party, but will bear the burden of proving its affirmative defense at trial, Plaintiff can meet its burden on summary judgment by: (1) presenting evidence to negate an essential element of the nonmoving party's case; or (2) demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 323–24. Plaintiff attempts to meet its burden the second way. (Doc. 46 at 5). If Plaintiff can meet his *prima facie* burden of showing an absence of evidence to support Defendant's defense, the burden shifts to Defendant to show, by affidavit or otherwise, that a genuine dispute of material fact remains for a factfinder to decide. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986).

Defendant cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The earnest hope that "evidence will become available is insufficient to defeat a motion for summary judgment." *Shupe v. Cap. One Bank USA NA*, 2018 WL 5298396, at *4 (D. Ariz. Oct. 25, 2018) (citing *Balser v. Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers (IUE) Local 201*, 661 F.3d 109, 118 (1st Cir. 2011)). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324. The plain language of Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

**B.     Discussion**

A plaintiff alleging employment discrimination under the ADA has a duty to

mitigate their damages by exercising reasonable diligence in seeking other suitable employment after termination. *See Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1345 (9th Cir. 1987); s*ee also Ford Motor Co. v. E. E. O. C.*, 458 U.S. 219, 231 (1982) (holding that a plaintiff forfeits their right to backpay if the employee refuses a job substantially equivalent to the one denied).  To prevail on a failure to mitigate damages defense, the employer-defendant has the burden of proving both that (1) there were "substantially equivalent" jobs available, which the plaintiff could have obtained, and (2) that the plaintiff failed to use reasonable diligence in seeking one. *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1497 (9th Cir. 1995).[5]  "Substantially equivalent employment" is that which affords "virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the [ ] claimant has been discriminatorily terminated." *Marquez v. Glendale Union High Sch. Dist*., 2018 WL 4899603, at *25 (D. Ariz. Oct. 9, 2018) (citing *Cassella v. Mineral Park, Inc*., 2010 WL 454992, at *5 (D. Ariz. Feb. 9, 2010)).

Other district courts have construed the first prong of *Odima* as "comparable" employment opportunities. *Kawar v. JPMorgan Chase & Co*., 2009 WL 1698918, at *6 (D. Ariz. 2009).  A defendant does not have to "proffer detailed descriptions of the jobs" available to survive summary judgment on its mitigation defense, but it must provide evidence of comparable employment that existed at the time. *Cheeks v. Gen. Dynamics*, 22 F. Supp. 3d 1015, 1028 (D. Ariz. 2014).

Plaintiff argues that he is entitled to summary judgment on Defendant's mitigation of damages defense because Defendant has not provided any evidence of substantially equivalent jobs available. (Doc. 46 at 3, 5).  In Response, Defendant argues that it can substantiate its defense for three separate reasons: (1) Plaintiff failed to show up for an interview for a similar job; (2) one of Plaintiff's proposed witnesses, Dr. Irene Nicolet, the

---

[5] In the Ninth Circuit, the reasonableness of an employee's efforts to mitigate is a question of fact for the jury. *Jackson v. Shell Oil Co*., 702 F.2d 197, 202 (9th Cir. 1983).  Plaintiff does not argue that disputed facts exist with regard to the "reasonable diligence" prong. (Doc. 52 at n. 2).  He only argues that Defendant will not be able to meet its burden of showing that there were substantially equivalent jobs available to Plaintiff.

1 Clinical Training Director for Internships at Capella University "may" testify about whether there "were suitable positions" for which Plaintiff could have applied; and (3) Plaintiff himself states that he has applied for over five-hundred jobs and has provided hundreds of pages of records related to his job search. (Doc. 51 at 4, 10).[6]

Defendant first argues that Plaintiff's refusal to interview for a job that would have allowed him to continue working in the same field is "akin to refusing a substantially equivalent position." (Doc. 51 at 4–5, 11). The Court disagrees. In *Ford Motor Co.*, the Supreme Court noted that, in a Title VII suit for discrimination, a plaintiff may forfeit their right to backpay if they refuse a job "substantially equivalent" to the one they were denied. 458 U.S. at 231. The court also stated that "an employer charged with unlawful discrimination often can toll the accrual of backpay liability by unconditionally *offering* the claimant the job [they] *sought*, and thereby providing [them] with an opportunity to minimize damages." *Id*. at 232 (emphasis added). Importantly, *Ford* discusses a job offer by the employer-defendant, not an interview with a different employer who is not a party to the current suit. This case is distinguishable from *Ford* in this respect. A refusal to interview is not "akin" to refusing a substantially equivalent position—as Defendant argues. *See id*.

Next, Defendant avers that Dr. Nicolet "may" testify about whether there "were suitable positions" for which Plaintiff could have applied. (Doc. 51 at 10). Dr. Nicolet is identified as one of Plaintiff's witnesses, but she has yet to give a deposition in this case and the time to do so has passed. (*See* Doc. 20 at ¶ 4 ("The deadline for completing fact discovery, including discovery by subpoena, shall be January 27, 2023.")). While Dr. Nicolet is the Director of Clinical Training for Internships at Capella University, it is not clear that she could testify about comparable employment opportunities, as Defendant hopes. This argument is insufficient as Defendant is merely hoping that evidence will

---

[6] Defendant also argues that there are questions of fact as to whether Plaintiff can establish legitimate damages and whether he removed himself from the workforce, arguing, presumably, that granting Plaintiff's Motion and precluding Defendant from offering the defense at trial would be inappropriate. (Doc. 51 at 6–7). There are no genuine issues of material fact here, however, as defendant relies on conclusory allegations that are unsupported by the evidence. *See Taylor*, 880 F.2d at 1045.

- 10 -

become available, i.e, that Dr. Nicolet will help Defendant prove its defense at trial. *See Shupe*, 2018 WL 5298396, at *4 (internal citations omitted). Because Defendant will have the burden to prove this defense at trial, this argument is insufficient as it is unsupported by actual evidence or testimony.

Lastly, Defendant points to an email where Plaintiff states to Capella University faculty that he has applied to well over five-hundred jobs and had one interview. (Doc. 51-8 at 5). Defendant also notes that Plaintiff has disclosed "hundreds" of pages of records "related to his job search." (Doc. 51 at 4). Beyond this evidence, Defendant does not present any evidence of comparable employment. The Court finds other cases from this district instructive.

First, in *Cheeks* the plaintiff similarly moved for summary judgment on the defendant's mitigation of damages defense; arguing that the defendant failed to produce evidence of comparable employment. 22 F. Supp. 3d at 1026. In response, the defendant pointed to "documents [the p]laintiff produced during discovery that purport[ed] to show [the p]laintiff received notice of approximately 100 available positions from several employers during the relevant time period." *Id*. at 1027. These documents consisted of "dozens of pages of job search results from both job search engines and individual employers' websites that were responsive to search parameters provided by [the p]laintiff." *Id*. The job search results the defendant produced consisted of job titles, employers, and locations. *Id*. at 1027. Based on this evidence, the district court in *Cheeks* found that the defendant had "produced sufficient evidence to create a genuine dispute of material fact that certain jobs were available." *Id.* at 1026. The district court noted as well that "at the summary judgment stage where all reasonable inferences must be made in favor of the non-movant, [the defendant's] failure to proffer detailed descriptions of the jobs [for a mitigation of damages defense] is not fatal." *Cheeks*, 22 F. Supp. 3d at 1028. The *Cheeks* court also reasoned that, based on the "sheer number of jobs specifically responsive to [the p]laintiff's own search parameters," it was "reasonable to infer that at least one of the dozens of potentially equivalent jobs may have been, in fact, equivalent to [the p]laintiff's

previous position." *Id*.

Second, in *Marquez* the plaintiff also moved for summary judgment on the defendant's mitigation defense, and also argued that the defendant failed to produce sufficient evidence of comparable employment opportunities the plaintiff could obtain. 2018 WL 4899603 at *25–26. The district court found that the defendant produced sufficient evidence of comparable employment opportunities as defendant produced an "Earning Capacity Evaluation" that was completed by a vocational expert which set out a list of seven jobs for which the vocational expert believed the plaintiff was qualified for. *Id*. at 26.

Finally, in *Kawar* the plaintiff also moved for summary judgment on the defendant's mitigation defense, and again argued that the defendant failed to produce evidence of comparable employment opportunities. 2009 WL 1698918, *6. The defendant attempted to meet its burden by pointing to other employees who had been laid off but who had found other employment opportunities elsewhere. *Id*. The district court found that this evidence was insufficient to establish that comparable employment existed because the defendant provided no information regarding the salary of these positions or whether the positions were comparable to the plaintiff's former position. *Id*. at *7.

Based on the reasoning in this line of cases, the Court finds that Defendant has not met its burden to set forth specific facts by producing competent evidence that establishes a genuine issue for trial. *See Celotex*, 477 U.S. at 324. Defendant attempts to rely on an email where Plaintiff states he has applied to well over five-hundred jobs and had one interview as well as his disclosure of "hundreds" of pages of records "related to his job search." (Doc. 51-8 at 5; Doc. 51 at 4). This evidence falls short of the dozens of pages of job search results with information regarding job titles, employers, and locations in *Cheeks* and the "Earning Capacity Evaluation" created by a vocational expert in *Marquez*.

As for the disclosure of "hundreds" of pages in Plaintiff's Fifth Supplemental Disclosure Statement (Doc. 51-8 at 9), Plaintiff provided Defendant with "Application documentation. #AB-0049 through AB-0091." (*Id*. at 13). Defendant does not include a

single one of these application documents for the Court to review. Without any information about these applications, Defendant cannot show that these positions are comparable employment opportunities because this evidence is void of any information regarding job titles, employers, locations, or salary. *See Kawar*, 2009 WL 1698918, *7; *Marquez* 2018 WL 4899603 at *26; *Cheeks*, 22 F. Supp. 3d at 1027. This evidence falls short of Defendant's requirement to produce evidence of employment opportunities which afford "virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status." *Marquez*, 2018 WL 4899603, at *25.

As for the evidence that Defendant applied to over five-hundred positions, this evidence is insufficient for many of the same reasons. In a message to Cappella faculty, Plaintiff states that he has "scoured the resources Capella offers" and that he has applied to five hundred plus jobs and had one interview. (Doc. 51-8 at 5). The broader context of this message displays that Plaintiff is frustrated with a lack of opportunity for employment. (*See id*). This evidence Defendant attempts to rely on does not include job titles, employers, or locations either—or any facts to compare Plaintiff's previous position to. (*Id*.) While Defendant does not have to "proffer detailed descriptions of the jobs," it must, at the very least, provide evidence of *comparable* employment that existed at the time by showing the positions are "virtually identical" in promotional opportunities, compensation, job responsibilities, working conditions, and status. *See Odima*, 53 F.3d at 1497; *Kawar*, 2009 WL 1698918, at *6 (emphasis added). Without any information to compare these jobs to, Defendant cannot show that these opportunities were comparable to his previous position with Defendant. *See Kawar*, 2009 WL 1698918, *7; *Marquez* 2018 WL 4899603 at *26; *Cheeks*, 22 F. Supp. 3d at 1027.

Thus, the Court finds that Defendant has not met its burden of providing sufficient evidence that substantially equivalent jobs were available to Plaintiff—an essential element to its mitigation defense. Because discovery has closed and Defendant has failed to establish that comparable employment existed at the time, the Court must grant Plaintiff's Motion for Partial Summary Judgment. *See Celotex*, 477 U.S. at 322. Because of this,

Defendant cannot utilize its mitigation of damages defense at trial.

## V.     Conclusion

For the reasons set forth above, the Court finds that it did not err in finding that Plaintiff was an employee in its prior Order. (Doc. 54). The Court also grants Plaintiff's Motion for Partial Summary Judgment. (Doc. 46).

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration (Doc. 55) is **DENIED**.

**IT IS ALSO ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Doc. 46) is **GRANTED**; therefore, Defendant cannot utilize its mitigation of damages affirmative defense at trial.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendant's Exhibit A (Doc. 59) is **DENIED** as moot.

**IT IS FINALLY ORDERED** that, in light of Plaintiff's remaining claims, the parties are directed to comply with Paragraph 10 of the Rule 16 Scheduling Order (Doc. 20 at 6) regarding notice of readiness for pretrial conference.

Dated this 7th day of February, 2024.

Honorable Diane J. Humetewa
United States District Judge